1 | KING, HOLMES, PATERNO & SORIANO, LLP
HENRY GRADSTEIN, ESQ., STATE BAR NO. 89747

2 | HGRADSTEIN@KHPSLAW.COM
JOHN G. SNOW, ESQ., STATE BAR NO. 280790

3 | JSNOW@KHPSLAW.COM
1900 AVENUE OF THE STARS, 25TH FLOOR

4 | LOS ANGELES, CALIFORNIA 90067-4506
TELEPHONE: (310) 282-8989

5 | FACSIMILE: (310) 282-8903

6 | Attorneys for Plaintiffs PAUL D.
BEAUREGARD p/k/a DJ PAUL and

7 | JORDAN HOUSTON p/k/a JUICY J

8 |

9 | **UNITED STATES DISTRICT COURT**

10 | **CENTRAL DISTRICT OF CALIFORNIA**

11 | **WESTERN DIVISION**

12 |

13 | PAUL D. BEAUREGARD p/k/a DJ PAUL, an individual; and JORDAN

14 | HOUSTON p/k/a JUICY J, an individual,

15 | Plaintiffs,

16 |

17 | vs.

18 | SCOTT ARCENEAUX JR. p/k/a SCRIM, an individual; and ARISTOS

19 | PETROU p/k/a RUBY DA CHERRY, an individual; G59 RECORDS, L.L.C.,

20 | a Louisiana limited liability company; UMG RECORDINGS, INC., a

21 | Delaware Corporation, individually and doing business as CAROLINE

22 | DISTRIBUTION and CAPITOL MUSIC GROUP; and DOES 1 through

23 | 10, inclusive,

24 | Defendants.

---

CASE NO. 2:20-CV-5655

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND DEMAND FOR JURY TRIAL**

---

26 |    Plaintiffs Paul D. Beauregard p/k/a "DJ Paul" ("Beauregard") and Jordan

27 | Houston p/k/a "Juicy J" ("Houston" and collectively with Beauregard, "Plaintiffs")

28 | allege as follows:

# INTRODUCTION

1.    Plaintiffs are founding members of the well-known hip-hop group "Three 6 Mafia." Plaintiffs began creating music together in 1991 in Memphis, Tennessee. As Three 6 Mafia, they have released ten studio albums that have sold millions of copies worldwide. Plaintiffs have won an Academy Award for Best Original Song and have been inducted into the Memphis Music Hall of Fame. Three 6 Mafia has earned a longtime cult following in the hardcore rap underground community. They are known particularly for their horror-themed sound and dark imagery, especially in their earlier works. As noted by the Memphis Music Hall of Fame, even today, the Three 6 Mafia name continues to carry "much cachet in youth culture."

2.    Defendants Scott Arceneaux Jr. p/k/a "Scrim" ("Arceneaux Jr.") and Aristos Petrou p/k/a "Ruby da Cherry" ("Petrou") are members of the hip hop duo "Suicideboys" (stylized as "$uicideboy$"), founded in New Orleans, Louisiana in 2014.

3.    In the six years since they formed, the Suicideboys have made a career stealing and profiting from Plaintiffs' copyrighted material. The Suicideboys have illegally sampled and stolen from *at least 35* of Plaintiffs' original songs, in some cases using Plaintiffs' original song titles as their own. The Suicideboys and their co-defendants (collectively, "Defendants") have made millions from this infringement, which has appeared on a top-ten album on the Billboard 200 and in songs with millions of streams online.

4.    To be clear, the Suicideboys are not sampling and copying Plaintiffs' copyrighted material for any new or transformative purposes. Rather, they are doing so to trade off and profit from Three 6 Mafia's original sound and hard-earned success in the hip hop industry. This much is clear from the Suicideboys' use of Plaintiffs' original song titles as their own and the Suicideboys' further misappropriation of Plaintiffs' artistic and cultural identities by copying their appearances with

1  dreadlocks, tattoos, and baggy clothing. Furthermore, Defendant Arceneaux Jr.
2  sometimes uses the moniker "Yung $carecrow," which he appropriated from
3  deceased Three 6 Mafia member Ricky Dunigan's moniker "the Scarecrow."

4       5.     Plaintiffs made numerous attempts to resolve this matter short of
5  litigation, but such efforts were unsuccessful due to the Suicideboys' unwillingness
6  to cooperate or accept responsibility for their blatant infringement of Plaintiffs'
7  copyrights. Plaintiffs now have no choice but to bring this action to redress and stop
8  Defendants' willful infringement.

9  **JURISDICTION AND VENUE**

10       6.     This Court has original subject matter jurisdiction pursuant to 28 U.S.C.
11  Sections 1331 and 1338(a) because federal questions presented herein arise under the
12  United States Copyright Act, 17 U.S.C. Sections 101 *et seq*.

13       7.     This Court has personal jurisdiction over Defendants because the events
14  giving rise to this claim occurred in the Central District of California, and all
15  Defendants have purposefully directed either advertising, sales, distributions,
16  performances, or digital transmissions of their recordings, including the infringing
17  works, to citizens and consumers of California.

18       8.     Venue is proper in this District pursuant to 28 U.S.C. Sections 1391 and
19  1400 in that the conduct hereinafter described has been and is presently being carried
20  out and made effective, in substantial part, within the boundaries of the Central
21  District of California, and Defendants transact business and are present in the Central
22  District of California.

23  **THE PARTIES**

24       9.     Plaintiff Beauregard is a resident of the State of California, County of
25  Los Angeles. Plaintiff Beauregard is a well-known American rapper, record producer,
26  DJ, songwriter, and entrepreneur, and a founding member of Three 6 Mafia.

27       10.     Plaintiff Houston is a resident of the State of California, County of Los
28  Angeles. Plaintiff Houston is a well-known American rapper, record producer, singer,

KING, HOLMES,
PATERNO &
SORIANO, LLP

3392.062/1588253.1

3

songwriter, and record executive, and a founding member of Three 6 Mafia.

11.    Upon information and belief, Defendant Arceneaux Jr. is a resident of the State of Louisiana who regularly conducts business in this District. This Court has personal jurisdiction over Defendant Arceneaux Jr. because, among other reasons, he intentionally infringed Plaintiffs' intellectual property rights knowing Plaintiffs were located in this District and caused the infringing works to be distributed in California.

12.    Upon information and belief, Defendant Petrou is a resident of the State of Louisiana who regularly conducts business in this District. This Court has personal jurisdiction over Defendant Petrou because, among other reasons, he intentionally infringed Plaintiffs' intellectual property rights knowing Plaintiffs were located in this District and caused the infringing works to be distributed in California.

13.    Defendant G59 RECORDS, LLC ("G59 Records") is a Louisiana limited liability company owned and managed by Defendants Arceneaux Jr. and Petrou, with a business and mailing address located at 10960 Wilshire Boulevard, 5th Floor, Los Angeles, California 90025. Upon information and belief, G59 Records was the record label that released all of the Suicideboys' songs/tracks discussed hereinafter in this Complaint.

14.    Defendant UMG RECORDINGS, INC. ("UMG" and collectively with Arceneaux Jr., Petrou, and G59 Records, "Defendants"), individually and doing business as "Capitol Music Group" and "Caroline Distribution" is a Delaware corporation with offices in Santa Monica, California. Upon information and belief, UMG does business under the name "Capitol Music Group," which serves as an unincorporated "umbrella label" for other sub-labels and businesses owned by UMG. "Caroline Distribution" ("Caroline") is one of those unincorporated sub-labels/businesses. Upon information and belief, Caroline is, and at all times relevant herein was, responsible for the distribution of all of the Suicideboys' songs/tracks discussed hereinafter in this Complaint.

15.    Does 1 through 10, inclusive, are sued herein under fictitious names.

1  Their true names and capacities are unknown to plaintiffs. When their true names and

2  capacities are ascertained, plaintiffs will amend this complaint by inserting their true

3  names and capacities herein.

4      16.    On information and belief at all times material herein each of the

5  defendants was the agent and employee of some or all of the other defendants, and in

6  doing the things hereinafter alleged, was acting within the course and scope of such

7  agency and employment.

8                          **FACTUAL ALLEGATIONS**

9                              *Three 6 Mafia*

10     17.    Plaintiffs are founding members of the well-known hip-hop group

11  "Three 6 Mafia." Plaintiffs began creating music together in 1991 in Memphis,

12  Tennessee. Three 6 Mafia originally emerged as a horror-themed underground rap

13  group, featuring dark beats and "horrorcore"-styled lyrics. Three 6 Mafia's debut

14  studio album *Mystic Stylez*, released in 1995, is regarded as "one of the essential

15  southern hip-hop albums" and has been noted for "influenc[ing] artists for decades."[1]

16  It has been further described as a "cult classic," and as "defining" the "horrorcore

17  style of hardcore rap."[2]

18     18.    Plaintiffs later went on to receive mainstream commercial success,

19  releasing ten studio albums that have sold millions of copies worldwide and winning

20  an Academy Award in 2006 for their song "It's Hard out Here for a Pimp" from the

21  film *Hustle & Flow*.

22     19.    In 2012, Three 6 Mafia was inducted into the Memphis Music Hall of

23

24  ─────────────────────

25  [1] Justin Ivey, *Three 6 Mafia's 'Mystic Stylez' Is Still a Southern Hip-Hop Essential 20 Years Later*, COMPLEX.COM (May 23, 2015), http://www.complex.com/music/2015/05/three-6-mafia

26

27  [2] Jason Birchmeier, *Mystic Stylez review*, ALLMUSIC.COM, http://www.allmusic.com/album/mystic-stylez-mw0000177290 (last visited May 19, 2020).

28

Fame, which noted that the Three 6 Mafia name continues to carry "much cachet in youth culture," even today.[3]

20.     As producers and songwriters, Plaintiffs Beauregard and Houston have also released dozens of additional records under their own names and monikers, and with affiliated artists. Noted by the Memphis Music Hall of Fame for their "hard work and hustle" and unique "ability to at once entertain and speak to power" with "deeper levels of commentary," Plaintiffs have endured as some of the most respected and iconic artists in hip hop.[4]

21.     As relevant here, and discussed further below, through their hard work and hustle Plaintiffs are the creators and registered owners of the composition and/or sound recording copyrights to at least 35 original works that Defendants have infringed: (1) "Mask and Da Glock," (2) "Mafia Niggaz (Yeah Hoe)," (3) "Smoked Out, Loced Out," (4) "Walk Up to Your House (Walk Up 2 Yo House)," (5) "Sippin' on Some Syrup," (6) "Where's Da Bud," (7) "Charging These Hoes," (8) "Too Deep to Breathe," (9) "Robbers," (10) "Anyone Out There," (11) "Now I'm High, Really High," (12) "Chickenhead," (13) "Ridin' in the Chevy," (14) "Dam I Think I'm Crazed," (15) "Love to Make a Stang," (16) "Wish a Mutha Would," (17) "Niggas Got Me Fucked Up," (18) "Watcha Gonna Do," (19) "Crucifix," (20) "Red Rum," (21) "Talk Ya Ass Off," (22) "Where is Da Bud Pt. 2," (23) "This Ain't No Game," (24) "Niggaz Ain't Barin' Dat," (25) "Break Da Law," (26) "Front a Busta," (27) "Slippin'," (28) "Rinky Dink II / We're Gonna Rumble," (29) "Playa Hataz," (30) "Let's Start a Riot," (31) "90 Days," (32) "Funked Out Loced Out," (33) "Fall Up Off Me," (34) "Nine to Yo Dome," and (35) "187 Invitation" (collectively, the "Infringed Works").

---

[3] *Three 6 Mafia*, Memphis Music Hall of Fame, https://memphismusichalloffame.com/inductee/threesixmafia/ (last visited May 19, 2020).
[4] *Id.*

***The Suicideboys***

22.    Defendants Arceneaux Jr. and Petrou are members of the hip hop duo "Suicideboys" (stylized as "$uicideboy$), which upon information and belief was founded in New Orleans, Louisiana in 2014.

23.    In the six years since they formed, the Suicideboys have made a career stealing and profiting from Plaintiffs' copyrighted material. The Suicideboys have illegally sampled and stolen from ***at least 35*** of Plaintiffs' original songs (i.e., the Infringing Works), in some cases using Plaintiffs' original song titles as their own. For example, as detailed further below, while Plaintiffs have released songs entitled "Mask and Da Glock," "Smoked Out, Loced Out," and "Break Da Law," Defendants have also released songs entitled "Ma$k and da GlocK," "Smoked Out, Loced Out," and "BREAKDALAW2K16" that copy and infringe upon Plaintiffs' earlier original works.

24.    The Suicideboys are not sampling and copying Plaintiffs' copyrighted material for any new or transformative purposes. Rather, they are doing so to trade off and profit from Three 6 Mafia's original sound and hard-earned success in the hip hop industry. This much is clear from the Suicideboys' use of Plaintiffs' original song titles as their own and the Suicideboys' further misappropriation of Plaintiffs' artistic and cultural identities by copying their appearances with dreadlocks, tattoos, and baggy clothing. Furthermore, Defendant Arceneaux Jr. sometimes uses the moniker "Yung $carecrow," which he appropriated from deceased Three 6 Mafia member Ricky Dunigan's moniker "the Scarecrow."

25.    Further illustrating Three 6 Mafia's clear influence on the Suicideboys, the Sucideboys recently sought to collaborate with and did in fact for a brief time collaborate with Plaintiff Houston, before Plaintiff Houston discovered the Suicideboys were using Plaintiffs' copyrighted works without proper licensing. After learning of Defendants' infringement, however, Plaintiff Houston promptly stopped collaborating with the Suicideboys.

26.   Defendants' copying of Plaintiffs' works is substantial such than an average audience would recognize, and in fact has recognized, the appropriation. As late as June 24, 2020, the Suicideboys' "Wikipedia" page notes that "[t]here is a clear Three 6 Mafia influence in much of their music, with many earlier Suicideboys songs using samples from the group's songs."[5]

27.   The online magazine *What Went Right With . . . ?* has further recognized the appropriation. In a May 12, 2019 article regarding the Suicideboys, the online magazine noted "there's a distinct and obvious influence of early Three-6 Mafia" in their music, citing the similarity to "albums like *Mystic Stylez*" and noting the group's sampling of Three 6 Mafia. It further states that the Suicideboys have "over the years attracted a large amount of suburban kids who missed the careers of Juicy J, DJ Paul, Lord Infamous, Koopsta Knicca[6] (and the rest) but as long as these fans acknowledge the influence and go back and listen to the originals, [the article is] okay with it because $uicideboy$ emulate those artists very well."[7]

28.   What the article fails to recognize, however, is that ***Defendants*** have not acknowledged or properly licensed the original Three 6 Mafia tracks the Sucideboys have copied.

29.   On information and belief, Defendants have made millions in profit by infringing on Plaintiffs' copyrights.

30.   On information and belief, Defendants' infringing songs have garnered millions of streams on YouTube.com, Spotify, Soundcloud, and Apple music for which they have received royalties payments.

31.   Two of Defendants' infringing songs/tracks ("I No Longer Fear The

---

[5] *See* WikiPedia, the Free Encyclopedia, Suicideboys, at https://en.wikipedia.org/wiki/Suicideboys (last visited June 24, 2020).

[6] Lord Infamous and Koopsta Knicca are deceased members of Three 6 Mafia.

[7] *What Went Right With . . . Suicideboys ($uicideboy$)?*, WHATWENTRIGHTWITH.COM (May 12, 2019), http://whatwentrightwith.com/2019/05/12/what-went-right-with-suicideboys/

Razor Guarding My Heal" and "Coma") appear on their 2018 album entitled "I Want To Die In New Orleans," which has fared well commercially and became a top-ten album on the US *Billboard 200*.

32.    More recently, Defendants released an infringing song/track entitled "Scope Set" on their February 2020 album *Stop Staring at the Shadows*. Notably, and demonstrating the willfulness of their infringement, Defendants released this infringing work even after Plaintiffs gave written notice of Defendants' prior infringement to Defendants through their representatives.

33.    Moreover, on information and belief, Caroline and Capitol Music Group—which distribute the Suicideboys' music—are now run by Chairman and CEO Steve Barnett. Mr. Barnett previously oversaw Three 6 Mafia when they released music with Columbia Records, of which Mr. Barnett was Chairman at the time. Thus, all Defendants were familiar with and had access to Plaintiffs' copyrighted work.

34.    Defendants did not seek or receive any authorization or permission to use any portion of the Infringed Works from Plaintiffs or any other owner of the rights to the compositions or sound recordings. The specific details of Defendants' infringement are alleged as follows:

A.    **Defendants' Infringement of Plaintiffs' Composition "Mask and Da Glock"**

35.    Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Mask and Da Glock," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204919. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1999.

36.    Upon information and belief, in or about 2014, Defendants released a song/track entitled "Ma$k and da Glock" on the album entitled "Kill Youself Part I: The $uicide $aga."

37. Defendants' song/track "Ma$k and da Glock" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Mask and Da Glock" and the master recording of "Mask and Da Glock" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

38. Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Mask and Da Glock" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Mask and Da Glock" and have converted the copyright for their own use.

**B.    Defendants' Infringement of Plaintiffs' Composition "Mafia Niggaz (Yeah Hoe)"**

39. Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Mafia Niggaz (Yeah Hoe)," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204948. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 2000.

40. Upon information and belief, in or about 2014, Defendants released a song/track entitled "Maple Syrup" on the album entitled "Kill Youself Part I: The $uicide $aga."

41. Upon information and belief, in or about 2014, Defendants released a song/track entitled "Smoked Out, Loced Out" on the album entitled "Kill Youself Part III: The Bud Dwyer Saga."

42. Upon information and belief, in or about 2015, Defendants released a song/track entitled "Magnolia" on the album entitled "Gray/Grey."

43. Upon information and belief, in or about 2016, Defendants released a song/track entitled "Do You Believe in God" on the album entitled "Grey Sheep 2."

44.     Upon information and belief, in or about 2016, Defendants released a song/track entitled "Treat 'em Like a Prostitute" on the album entitled "Dirtiernastier$uicide EP."

45.     Defendants' songs/tracks "Maple Syrup," "Smoked Out, Loced Out," "Magnolia," "Do You Believe in God," and "Treat 'em Like a Prostitute" extensively sample (that is, directly extract and reproduce) original expression from Plaintiffs' composition "Mafia Niggaz (Yeah Hoe)" and the master recording of "Mafia Niggaz (Yeah Hoe)" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing works substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

46.     Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Mafia Niggaz (Yeah Hoe)" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Mafia Niggaz (Yeah Hoe)" and have converted the copyright for their own use.

**C.     Defendants' Infringement of Plaintiffs' Composition "Smoked Out, Loced Out"**

47.     Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Smoked Out, Loced Out," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204531. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1994.

48.     Upon information and belief, in or about 2014, Defendants released a song/track entitled "Ocean $ide" on the album entitled "Kill Youself Part II: The Black $uede $aga."

49.     Defendants' song/track "Ocean $ide" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition

"Smoked Out, Loced Out" and the master recording of "Smoked Out, Loced Out" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

50.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Smoked Out, Loced Out" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Smoked Out, Loced Out" and have converted the copyright for their own use.

**D.    Defendants' Infringement of Plaintiffs' Composition and Sound Recording "Walk Up to Your House (Walk Up 2 Yo House)"**

51.    Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Walk Up to Your House (Walk Up 2 Yo House)," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206393. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1994.

52.    Plaintiffs are also the legal and beneficial owners of the sound recording entitled "Walk Up to Your House (Walk Up 2 Yo House)," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. SR0000233299, and was published in or about 1994.

53.    Upon information and belief, in or about 2014, Defendants released a song/track entitled "Smoked Out, Loced Out" on the album entitled "Kill Youself Part III: The Bud Dwyer Saga."

54.    Upon information and belief, in or about 2015, Defendants released a song/track entitled "Omen" on the album entitled "G.R.E.Y.G.O.D.S.I.I. EP."

55.    Defendants' songs/tracks "Omen" and "Smoked Out, Loced Out" extensively sample (that is, directly extract and reproduce) original expression from Plaintiffs' composition "Walk Up to Your House (Walk Up 2 Yo House)" and

Plaintiffs' master recording of "Walk Up to Your House (Walk Up 2 Yo House)." Defendants' unauthorized sampling and copying of Plaintiffs' composition and sound recording has rendered Defendants' infringing works substantially similar to—and in many portions virtually identical to—Plaintiffs' original works.

56.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Walk Up to Your House (Walk Up 2 Yo House)" composition or sound recording. Defendants have willfully and unlawfully infringed on Plaintiffs' copyrights in "Walk Up to Your House (Walk Up 2 Yo House)" and have converted the copyrights for their own use.

**E.    Defendants' Infringement of Plaintiffs' Composition "Sippin' on Some Syrup"**

57.    Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Sippin' on Some Syrup," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206806. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 2000.

58.    Upon information and belief, in or about 2014, Defendants released a song/track entitled "Purple Ranger" on the album entitled "Kill Yourself Part VI: The T$unami $aga."

59.    Defendants' song/track "Purple Ranger" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Sippin' on Some Syrup" and the master recording of "Sippin' on Some Syrup" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

60.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Sippin' on Some Syrup" composition.

1   Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in

2   "Sippin' on Some Syrup" and have converted the copyright for their own use.

3   **F.    Defendants' Infringement of Plaintiffs' Composition and Sound**

4   **Recording "Where's Da Bud"**

5   61.    Plaintiffs are the co-writers and legal and beneficial owners of a

6   composition entitled "Where's Da Bud," which is the subject of a valid Certificate of

7   Copyright Registration issued by the Register of Copyrights, Registration No.

8   PA0002206402. Plaintiffs' composition is embodied in a sound recording of the same

9   name performed by Plaintiffs, which was released in or about 1996.

10   62.    Plaintiffs are also the legal and beneficial owners of the sound recording

11   entitled "Where's Da Bud," which is the subject of a valid Certificate of Copyright

12   Registration issued by the Register of Copyrights, Registration No. SR0000233299,

13   and was published in or about 1996.

14   63.    Upon information and belief, in or about 2015, Defendants released a

15   song/track entitled "Smoke Break" on the album entitled "Black $uicide."

16   64.    Defendants' song/track "Smoke Break" extensively samples (that is,

17   directly extracts and reproduces) original expression from Plaintiffs' composition

18   "Where's Da Bud" and the master recording of "Where's Da Bud" as performed by

19   Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition

20   has rendered Defendants' infringing work substantially similar to—and in many

21   portions virtually identical to—Plaintiffs' original work.

22   65.    Defendants did not seek or receive any authorization or permission from

23   Plaintiffs to use any portion of Plaintiffs' "Where's Da Bud" composition. Defendants

24   have willfully and unlawfully infringed on Plaintiffs' copyright in "Where's Da Bud"

25   and have converted the copyright for their own use.

26   **G.    Defendants' Infringement of Plaintiffs' Composition "Charging**

27   **These Hoes"**

28   66.    Plaintiffs are the co-writers and legal and beneficial owners of a

King, Holmes,
Paterno &
Soriano, LLP

3392.062/1588253.1                                  14

composition entitled "Charging These Hoes," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002203674. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1999.

67.     Upon information and belief, in or about 2015, Defendants released a song/track entitled "It's About a 6 Hour Drive" on the album entitled "Black $uicide Side B: $uicide Hustle."

68.     Defendants' song/track "It's About a 6 Hour Drive" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Charging These Hoes" and the master recording of "Charging These Hoes" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

69.     Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Charging These Hoes" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Charging These Hoes" and have converted the copyright for their own use.

**H.    Defendants' Infringement of Plaintiffs' Composition "Too Deep to Breathe"**

70.     Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Too Deep to Breathe," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204272. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1994.

71.     Upon information and belief, in or about 2015, Defendants released a song/track entitled "Fold" on the album entitled "My Liver Will Handle What My Heart Can't."

72.     Defendants' song/track "Fold" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Too Deep to Breathe" and the master recording of "Too Deep to Breathe" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

73.     Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Too Deep to Breathe" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Too Deep to Breathe" and have converted the copyright for their own use.

## I.     Defendants' Infringement of Plaintiffs' Composition "Robbers"

74.     Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Robbers," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204528. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1999.

75.     Upon information and belief, in or about 2015, Defendants released a song/track entitled "Loot" on the album entitled "Gray/Grey."

76.     Defendants' song/track "Loot" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Robbers" and the master recording of "Robbers" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

77.     Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Robbers" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Robbers" and have converted the copyright for their own use.

J.   **Defendants' Infringement of Plaintiffs' Composition "Anyone Out There"**

78.   Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Anyone Out There," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206041. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1997.

79.   Upon information and belief, in or about 2015, Defendants released a song/track entitled "Lincoln Continental" on the album entitled "High Tide in the Snake's Nest."

80.   Defendants' song/track "Lincoln Continental" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Anyone Out There" and the master recording of "Anyone Out There" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

81.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Anyone Out There" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Anyone Out There" and have converted the copyright for their own use.

K.   **Defendants' Infringement of Plaintiffs' Composition "Now I'm High, Really High"**

82.   Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Now I'm High, Really High," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206043. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1994.

83.    Upon information and belief, in or about 2015, Defendants released a song/track entitled "Rotten and Paralyzed in a Tropical Paradise" on the album entitled "High Tide in the Snake's Nest."

84.    Upon information and belief, in or about 2015, Defendants released a song/track entitled "Muddy Blunts" on the album entitled "$outhside $uicide EP."

85.    Defendants' songs/tracks "Rotten and Paralyzed in a Tropical Paradise" and "Muddy Blunts" extensively sample (that is, directly extract and reproduce) original expression from Plaintiffs' composition "Now I'm High, Really High" and the master recording of "Now I'm High, Really High" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

86.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Now I'm High, Really High" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Now I'm High, Really High" and have converted the copyright for their own use.

**L.    Defendants' Infringement of Plaintiffs' Composition "Chickenhead"**

87.    Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Chickenhead," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206418. Plaintiffs' composition is embodied in a sound recording of the same name performed by the artist Project Pat, which was released in or about 2001.

88.    Upon information and belief, in or about 2015, Defendants released a song/track entitled "Gutting Catfish" on the album entitled "Now The Moon's Rising."

89.    Defendants' song/track "Gutting Catfish" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition

"Chickenhead" and the master recording of "Chickenhead." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

90.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Chickenhead" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Chickenhead" and have converted the copyright for their own use.

**M.    Defendants' Infringement of Plaintiffs' Composition "Ridin' in the Chevy"**

91.    Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Ridin' in the Chevy," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204530. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1999.

92.    Upon information and belief, in or about 2015, Defendants released a song/track entitled "Underwater Malibu" on the album entitled "Now The Moon's Rising."

93.    Upon information and belief, in or about 2015, Defendants released a song/track entitled "I Ended Up Driving the Camaro Off the Causeway Bridge" on the album entitled "Youngdeathlillife."

94.    Defendants' songs/tracks "Underwater Malibu" and "I Ended Up Driving the Camaro Off the Causeway Bridge" extensively sample (that is, directly extract and reproduce) original expression from Plaintiffs' composition "Ridin' in the Chevy" and the master recording of "Ridin' in the Chevy" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

95.     Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Ridin' in the Chevy" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Ridin' in the Chevy" and have converted the copyright for their own use.

**N.     Defendants' Infringement of Plaintiff Beauregard's Composition "Dam I think I'm Crazed"**

96.     Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Dam I think I'm Crazed," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002203670. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Plaintiff Beauregard and the artist Lord Infamous, which was released in or about 2015.

97.     Upon information and belief, in or about 2015, Defendants released a song/track entitled "Dejection" on the album entitled "Now The Moon's Rising."

98.     Defendants' song/track "Dejection" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Dam I think I'm Crazed" and the master recording of "Dam I think I'm Crazed." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

99.     Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of his "Dam I think I'm Crazed" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Dam I think I'm Crazed" and have converted the copyright for their own use.

**O.     Defendants' Infringement of Plaintiff Beauregard's Composition "Love to Make a Stang"**

100.     Plaintiff Beauregard is the writer and legal and beneficial owner of a

composition entitled "Love to Make a Stang," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204951. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by Plaintiff Beauregard and the artist Lord Infamous, which was released in or about 1995.

101.   Upon information and belief, in or about 2015, Defendants released a song/track entitled "Cerebrus" on the album entitled "Youngdeathlillife."

102.   Defendants' song/track "Cerebus" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Love to Make a Stang" and the master recording of "Love to Make a Stang." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

103.   Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of Plaintiff Beauregard's "Love to Make a Stang" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Love to Make a Stang" and have converted the copyright for their own use.

**P.    Defendants' Infringement of Plaintiffs' Composition "Wish a Mutha Would"**

104.   Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Wish a Mutha Would," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002207123. Plaintiffs' composition is embodied in a sound recording of the same name performed by the artist Frayser Boy, which was released in or about 2003.

105.   Upon information and belief, in or about 2015, Defendants released a song/track entitled "Dead Batteries" on the album entitled "7th or St. Tammany."

106. Defendants' song/track "Dead Batteries" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Wish a Mutha Would" and the master recording of "Wish a Mutha Would." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

107. Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Wish a Mutha Would" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Wish a Mutha Would" and have converted the copyright for their own use.

**Q.    Defendants' Infringement of Plaintiffs' Composition "Niggas Got Me Fucked Up"**

108. Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Niggas Got Me Fucked Up," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206045. Plaintiffs' composition is embodied in a sound recording of the same name performed by the artist Project Pat, which was released in or about 1999.

109. Upon information and belief, in or about 2015, Defendants released a song/track entitled "Vices" on the album entitled "7th or St. Tammany."

110. Upon information and belief, in or about 2015, Defendants released a song/track entitled "Sarcophagus" on the album entitled "G.R.E.Y.G.O.D.S.I.I. EP."

111. Defendants' songs/tracks "Vices" and "Sarcophagus" extensively sample (that is, directly extract and reproduce) original expression from Plaintiffs' composition "Niggas Got Me Fucked Up" and the master recording of "Niggas Got Me Fucked Up." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

112.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Niggas Got Me Fucked Up" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Niggas Got Me Fucked Up" and have converted the copyright for their own use.

**R.    Defendants' Infringement of Plaintiff Beauregard's Composition "Watcha Gonna Do"**

113.   Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Watcha Gonna Do," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206422. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by the artist Koopsta Knicca, which was released in or about 1999.

114.   Upon information and belief, in or about 2015, Defendants released a song/track entitled "Ashtray" on the album entitled "G.R.E.Y.G.O.D.S.I.I. EP."

115.   Defendants' song/track "Ashtray" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Watcha Gonna Do" and the master recording of "Watcha Gonna Do." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

116.   Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of his "Watcha Gonna Do" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Watcha Gonna Do" and have converted the copyright for their own use.

**S.    Defendants' Infringement of Plaintiff Beauregard's Composition "Crucifix"**

117.   Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Crucifix," which is the subject of a valid Certificate of

Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206445. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by the artist Koopsta Knicca, which was released in or about 1999.

118.    Upon information and belief, in or about 2015, and then in 2017, Defendants released a song/track entitled "My Scars Are Like Evidence Being Mailed to the Judge" on the albums entitled "I no Longer Feel the Razor Guarding My Heel," and "$crewed Up $uicide III," respectively.

119.    Defendants' song/track "My Scars Are Like Evidence Being Mailed to the Judge" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Crucifix" and the master recording of "Crucifix." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

120.    Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of his "Crucifix" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Crucifix" and have converted the copyright for their own use.

**T.    Defendants' Infringement of Plaintiffs' Composition "Red Rum"**

121.    Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Red Rum," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204923. Plaintiffs' composition is embodied in a sound recording of the same name performed by the artist Project Pat, which was released in or about 2000.

122.    Upon information and belief, in or about 2015, Defendants released a song/track entitled "93 Premium" on the album entitled "Black $uicide Side C: The Seventh Seal."

123.   Defendants' song/track "93 Premium" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Red Rum" and the master recording of "Red Rum." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

124.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Red Rum" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Red Rum" and have converted the copyright for their own use.

**U.    Defendants' Infringement of Plaintiffs' Composition "Talk Ya Ass Off"**

125.   Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Talk Ya Ass Off," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204276. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1994.

126.   Upon information and belief, in or about 2016, Defendants released a song/track entitled "Paper Bag Mask" on the album entitled "Dark Side of Clouds."

127.   Defendants' song/track "Paper Bag Mask" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Talk Ya Ass Off" and the master recording of "Talk Ya Ass Off" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

128.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Talk Ya Ass Off" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Talk Ya Ass Off"

1  and have converted the copyright for their own use.

2  **V.    Defendants' Infringement of Plaintiffs' Composition "Where is Da**

3  **Bud Pt. 2"**

4  129.  Plaintiffs are the co-writers and legal and beneficial owners of a

5  composition entitled "Where is Da Bud Pt. 2," which is the subject of a valid

6  Certificate of Copyright Registration issued by the Register of Copyrights,

7  Registration No. PA0002206402. Plaintiffs' composition is embodied in a sound

8  recording of the same name performed by Plaintiffs, which was released in or about

9  2006.

10  130.  Upon information and belief, in or about 2016, Defendants released a

11  song/track entitled "Praisethedevil" on the album entitled "Dark Side of Clouds."

12  131.  Defendants' song/track "Praisethedevil" extensively samples (that is,

13  directly extracts and reproduces) original expression from Plaintiffs' composition

14  "Where is Da Bud Pt. 2" and the master recording of "Where is Da Bud Pt. 2" as

15  performed by Plaintiffs. Defendants' unauthorized sampling and copying of

16  Plaintiffs' composition has rendered Defendants' infringing work substantially

17  similar to—and in many portions virtually identical to—Plaintiffs' original work.

18  132.  Defendants did not seek or receive any authorization or permission from

19  Plaintiffs to use any portion of Plaintiffs' "Where is Da Bud Pt. 2" composition.

20  Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Where

21  is Da Bud Pt. 2" and have converted the copyright for their own use.

22  **W.    Defendants' Infringement of Plaintiffs' Composition "This Ain't**

23  **No Game"**

24  133.  Plaintiffs are the co-writers and legal and beneficial owners of a

25  composition entitled "This Ain't No Game," which is the subject of a valid Certificate

26  of Copyright Registration issued by the Register of Copyrights, Registration No.

27  PA0002204273. Plaintiffs' composition is embodied in a sound recording of the same

28  name performed by the artist Project Pat, which was released in or about 2000.

134.   Upon information and belief, in or about 2016, Defendants released a song/track entitled "Polluted Paradise" on the album entitled "$crewed Up $uicide."

135.   Defendants' song/track "Polluted Paradise" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "This Ain't No Game" and the master recording of "This Ain't No Game." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

136.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "This Ain't No Game" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "This Ain't No Game" and have converted the copyright for their own use.

## X.    Defendants' Infringement of Plaintiffs' Composition "Niggaz Ain't Barin' Dat"

137.   Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Niggaz Ain't Barin' Dat," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206049. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1994.

138.   Upon information and belief, in or about 2016, Defendants released a song/track entitled "Grayscale" on the album entitled "Dark Side of Clouds."

139.   Defendants' song/track "Grayscale" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Niggaz Ain't Barin' Dat" and the master recording of "Niggaz Ain't Barin' Dat" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

140.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Niggaz Ain't Barin' Dat" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Niggaz Ain't Barin' Dat" and have converted the copyright for their own use.

**Y.   Defendants' Infringement of Plaintiffs' Composition "Break Da Law"**

141.   Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Break Da Law," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002203693. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1995.

142.   Upon information and belief, in or about 2016, Defendants released a song/track entitled "BREAKDALAW2k16" on the album entitled "Eternal Grey."

143.   Defendants' song/track "BREAKDALAW2k16" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Break Da Law" and the master recording of "Break Da Law" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

144.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Break Da Law" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Break Da Law" and have converted the copyright for their own use.

**Z.   Defendants' Infringement of Plaintiff Beauregard's Composition "Front a Busta"**

145.   Plaintiff Beauregard are is the writer and legal and beneficial owner of a composition entitled "Front a Busta," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No.

PA0002206398. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by the artist Koopsta Knicca, which was released in or about 1999.

146.   Upon information and belief, in or about 2016, Defendants released a song/track entitled "A Girl Named Drool" on the album entitled "Grey Sheep 2."

147.   Upon information and belief, in or about 2016, Defendants released a song/track entitled "Pack of Kools" on the album entitled "Grey Sheep 2."

148.   Defendants' songs/tracks "A Girl Named Drool" and "Pack of Kools" extensively sample (that is, directly extract and reproduce) original expression from Plaintiff Beauregard's composition "Front a Busta" and the master recording of "Front a Busta." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

149.   Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of his "Front a Busta" composition. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyright in "Front a Busta" and have converted the copyright for their own use.

**AA.   Defendants' Infringement of Plaintiffs' Composition "Slippin'"**

150.   Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Slippin'," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002203692. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1995.

151.   Upon information and belief, in or about 2016, Defendants released a song/track entitled "Soul Doubt" on the album entitled "I No Longer Fear the Razor Guarding My Heel (III)."

152.   Defendants' song/track "Soul Doubt" extensively samples (that is,

directly extracts and reproduces) original expression from Plaintiffs' composition "Slippin'" and the master recording of "Slippin'" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

153.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Slippin'" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Slippin'" and have converted the copyright for their own use.

**BB.   Defendants' Infringement of Plaintiffs' Composition "Rinky Dink II / We're Gonna Rumble"**

154.   Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Rinky Dink II / We're Gonna Rumble," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204529. Plaintiffs' composition is embodied in a sound recording of the same name performed by the artist Project Pat, which was released in or about 1999.

155.   Upon information and belief, in or about 2016, Defendants released a song/track entitled "All That Glitters Is Not Gold, But It's Still Damn Beautiful" on the album entitled "I No Longer Fear the Razor Guarding My Heel (III)."

156.   Defendants' song/track "All That Glitters Is Not Gold, But It's Still Damn Beautiful" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Rinky Dink II / We're Gonna Rumble" and the master recording of "Rinky Dink II / We're Gonna Rumble." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

157.   Defendants did not seek or receive any authorization or permission from

Plaintiffs to use any portion of Plaintiffs' "Rinky Dink II / We're Gonna Rumble" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Rinky Dink II / We're Gonna Rumble" and have converted the copyright for their own use.

**CC.    Defendants' Infringement of Plaintiffs' Composition "Playa Hataz"**

158.    Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Playa Hataz," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002206646. Plaintiffs' composition is embodied in a sound recording of the same name performed by Plaintiffs, which was released in or about 1999.

159.    Upon information and belief, in or about 2017, Defendants released a song/track entitled "Temple Spray" on the album entitled "Kill Youself Part XI: The Kingdom Come Saga."

160.    Defendants' song/track "Temple Spray" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Playa Hataz" and the master recording of "Playa Hataz" as performed by Plaintiffs. Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

161.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Playa Hataz" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Playa Hataz" and have converted the copyright for their own use.

**DD.    Defendants' Infringement of Plaintiffs' Composition "Let's Start a Riot"**

162.    Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Let's Start a Riot," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No.

PA0002206039. Plaintiffs' composition is embodied in a sound recording of the same name performed by the artist Kingpin Skinny Pimp, which was released in or about 1996.

163.    Upon information and belief, in or about 2017, Defendants released a song/track entitled "Slip On A Banana Clip" on the album entitled "Dirtiernastier$uicide EP."

164.    Defendants' song/track "Slip On A Banana Clip" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition "Let's Start a Riot" and the master recording of "Let's Start a Riot." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

165.    Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Let's Start a Riot" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Let's Start a Riot" and have converted the copyright for their own use.

**EE.    Defendants' Infringement of Plaintiffs' Composition "90 Days"**

166.    Plaintiffs are the co-writers and legal and beneficial owners of a composition entitled "Charging These Hoes," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002203662. Plaintiffs' composition is embodied in a sound recording of the same name performed by the artist Project Pat, which was released in or about 2002.

167.    Upon information and belief, in or about 2017, Defendants released a song/track entitled "Obey the Walrus" on the album entitled "Dirtiernastier$uicide EP."

168.    Defendants' song/track "Obey the Walrus" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiffs' composition

"Charging These Hoes" and the master recording of "Charging These Hoes." Defendants' unauthorized sampling and copying of Plaintiffs' composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiffs' original work.

169.   Defendants did not seek or receive any authorization or permission from Plaintiffs to use any portion of Plaintiffs' "Charging These Hoes" composition. Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Charging These Hoes" and have converted the copyright for their own use.

**FF.    Defendants' Infringement of Plaintiff Beauregard's Composition "Funked Out Loced Out"**

170.   Plaintiff Beauregard is the writer and legal and beneficial owner of a composition entitled "Funked Out Loced Out," which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights, Registration No. PA0002204922. Plaintiff Beauregard's composition is embodied in a sound recording of the same name performed by the artist Lil Fly, which was released in or about 1994.

171.   Upon information and belief, in or about 2017, Defendants released a song/track entitled "Smoked Out, Scoped Out" on the album entitled "Kill Youself Part XVI: The Faded Stains Saga."

172.   Defendants' song/track "Smoked Out, Scoped Out" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "Funked Out Loced Out" and the master recording of "Funked Out Loced Out." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

173.   Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of his "Funked Out Loced Out" composition.

1   Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's

2   copyright in "Funked Out Loced Out" and have converted the copyright for their own

3   use.

4   **GG.  Defendants' Infringement of Plaintiffs' Composition "Fall Up Off**

5   **Me"**

6   174.   Plaintiffs are the co-writers and legal and beneficial owners of a

7   composition entitled "Fall Up Off Me," which is the subject of a valid Certificate of

8   Copyright Registration issued by the Register of Copyrights, Registration No.

9   PA0002206394. Plaintiffs' composition is embodied in a sound recording of the same

10  name performed the artist Indo G, which was released in or about 1998.

11  175.   Upon information and belief, in or about 2018, Defendants released a

12  song/track entitled "Coma" on the album entitled "I Want to Die in New Orleans."

13  176.   Defendants' song/track "Coma" extensively samples (that is, directly

14  extracts and reproduces) original expression from Plaintiffs' composition "Fall Up

15  Off Me" and the master recording of "Fall Up Off Me." Defendants' unauthorized

16  sampling and copying of Plaintiffs' composition has rendered Defendants' infringing

17  work substantially similar to—and in many portions virtually identical to—Plaintiffs'

18  original work.

19  177.   Defendants did not seek or receive any authorization or permission from

20  Plaintiffs to use any portion of Plaintiffs' "Fall Up Off Me" composition. Defendants

21  have willfully and unlawfully infringed on Plaintiffs' copyright in "Fall Up Off Me"

22  and have converted the copyright for their own use.

23  **HH.  Defendants' Infringement of Plaintiffs' Composition "Nine to Yo**

24  **Dome"**

25  178.   Plaintiffs are the co-writers and legal and beneficial owners of a

26  composition entitled "Nine to Yo Dome," which is the subject of a valid Certificate

27  of Copyright Registration issued by the Register of Copyrights, Registration No.

28  PA0002206037. Plaintiffs' composition is embodied in a sound recording of the same

1  name performed by Plaintiffs, which was released in or about 1999.

2      179.   Upon information and belief, in or about 2018, Defendants released a

3  song/track entitled "I No Longer Fear The Razor Guarding My Heal" on the album

4  entitled "I Want To Die In New Orleans."

5      180.   Defendants' song/track "I No Longer Fear The Razor Guarding My

6  Heal" extensively samples (that is, directly extracts and reproduces) original

7  expression from Plaintiffs' composition "Nine to Yo Dome" and the master recording

8  of "Nine to Yo Dome" as performed by Plaintiffs. Defendants' unauthorized sampling

9  and copying of Plaintiffs' composition has rendered Defendants' infringing work

10  substantially similar to—and in many portions virtually identical to—Plaintiffs'

11  original work.

12      181.   Defendants did not seek or receive any authorization or permission from

13  Plaintiffs to use any portion of Plaintiffs' "Nine to Yo Dome" composition.

14  Defendants have willfully and unlawfully infringed on Plaintiffs' copyright in "Nine

15  to Yo Dome" and have converted the copyright for their own use.

16  **II.    Defendants' Infringement of Plaintiff Beauregard's Composition**

17  **and Sound Recording "187 Invitation"**

18      182.   Plaintiff Beauregard is a co-writer and legal and beneficial owner of a

19  composition entitled "187 Invitation," which is the subject of a valid Certificate of

20  Copyright Registration issued by the Register of Copyrights, Registration No.

21  PA0002231596. Plaintiff Beauregard's composition is embodied in a sound recording

22  of the same name performed by Plaintiff Beauregard and the artist Lord Infamous,

23  which was released in or about 1994.

24      183.   Plaintiff Beauregard is also the legal and beneficial owner of the sound

25  recording entitled "187 Invitation," which is the subject of a valid Certificate of

26  Copyright Registration issued by the Register of Copyrights, Registration No.

27  SR0000863485, and was published in or about 1994.

28      184.   Upon information and belief, in or about 2019, Defendants released a

song/track entitled "Scope Set" as a single. Upon further information and belief, in or about February 2020, Defendants released the song/track entitled "Scope Set" on the album entitled "Stop Staring at the Shadows."

185.   Defendants' song/track "Scope Set" extensively samples (that is, directly extracts and reproduces) original expression from Plaintiff Beauregard's composition "187 Invitation" and master recording of "187 Invitation." Defendants' unauthorized sampling and copying of Plaintiff Beauregard's composition and sound recording has rendered Defendants' infringing work substantially similar to—and in many portions virtually identical to—Plaintiff Beauregard's original work.

186.   Defendants did not seek or receive any authorization or permission from Plaintiff Beauregard to use any portion of his "187 Invitation" composition or sound recording. Defendants have willfully and unlawfully infringed on Plaintiff Beauregard's copyrights in "187 Invitation" and have converted the copyrights for their own use.

### FIRST CLAIM FOR RELIEF

### (For Copyright Infringement – Against All Defendants)

187.   Plaintiffs hereby incorporate the allegations set forth above in paragraphs 1 through 186, as though fully set forth herein.

188.   Plaintiffs are registered copyright owners of the musical compositions: (1) "Mask and Da Glock," (2) "Mafia Niggaz (Yeah Hoe)," (3) "Smoked Out, Loced Out," (4) "Walk Up to Your House (Walk Up 2 Yo House)," (5) "Sippin' on Some Syrup," (6) "Where's Da Bud," (7) "Charging These Hoes," (8) "Too Deep to Breathe," (9) "Robbers," (10) "Anyone Out There," (11) "Now I'm High, Really High," (12) "Chickenhead," (13) "Ridin' in the Chevy," (14) "Dam I Think I'm Crazed," (15) "Love to Make a Stang," (16) "Wish a Mutha Would," (17) "Niggas Got Me Fucked Up," (18) "Watcha Gonna Do," (19) "Crucifix," (20) "Red Rum," (21) "Talk Ya Ass Off," (22) "Where is Da Bud Pt. 2," (23) "This Ain't No Game," (24) "Niggaz Ain't Barin' Dat," (25) "Break Da Law," (26) "Front a Busta," (27)

"Slippin'," (28) "Rinky Dink II / We're Gonna Rumble," (29) "Playa Hataz," (30) "Let's Start a Riot," (31) "90 Days," (32) "Funked Out Loced Out," (33) "Fall Up Off Me," (34) "Nine to Yo Dome," and (35) "187 Invitation" (collectively, the "Infringed Compositions").

189.   Plaintiffs are registered copyright owners of the sound recordings: (1) "Walk Up to Your House (Walk Up 2 Yo House)," (2) "Where's Da Bud," and (3) "187 Invitation" (collectively, the "Infringed Sound Recordings," and with the Infringed Compositions, "Infringed Works").

190.   Defendants, and each of them, had access to the Infringed Compositions due to the widespread dissemination of sound recordings of those compositions as performed by Plaintiffs and other artists. Defendants, and each of them, had access to the Infringed Sound Recordings due to the widespread dissemination of those sound recordings. In addition, Defendants' "sampling" (direct extraction and reproduction) of material from the Infringed Works establishes access by way of striking similarity.

191.   Defendants have produced, reproduced, and prepared derivative works based upon, and distributed, portions of the Infringed Works without the permission of Plaintiffs or any other owners of the rights to such songs/tracks.

192.   Defendants' unauthorized reproductions, distributions, public performances, and/or digital transmissions of the Infringed Works as alleged above, each constitute an infringement of Plaintiffs' rights in and to the works.

193.   The foregoing acts of copyright infringement have been willful and intentional.

194.   As a direct and proximate result of the Defendants' infringement of Plaintiffs' copyrights, as alleged herein, pursuant to 17 U.S.C. Section 504(b), Plaintiffs are entitled to their actual damages, including Defendants' profits from infringement, the exact amount of which is not currently known, but of which Plaintiffs are informed and believe, and allege thereon, exceeds $1,200,000, according to proof at trial. Alternatively, at their election, pursuant to 17 U.S.C.

Section 504(c), as a direct and proximate result of the Defendants' willful infringement of Plaintiffs' copyrights, Plaintiffs are entitled to recover up to $150,000 in statutory damages for each of the over 35 musical compositions and sound recordings infringed, which Plaintiffs are informed and believe, and allege thereon, exceeds $5,250,000, according to proof at trial.

195.   Plaintiffs are also entitled to recover attorney's fees and costs pursuant to 17 U.S.C. Section 505, and prejudgment interest according to law.

196.   Defendants are causing, and unless enjoined by the Court will continue to cause, Plaintiffs irreparable harm for which they have no adequate remedy at law. Plaintiffs are entitled to an injunction under 17 U.S.C. Section 502 prohibiting the continued infringement of their musical compositions and sound recordings.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants and each of them as follows:

1.   For compensatory and actual damages, including Defendants' profits from infringement, in an amount in excess of $1,200,000 according to proof at trial;

2.   Alternatively, at Plaintiffs' election, for statutory damages in an amount in excess of $5,250,000, according to proof at trial;

3.   For Defendants, and each of them, and their agents, servants, employees and all parties in privity with them to be enjoined preliminarily and permanently from directly or indirectly using the Infringed Compositions and Infringed Sound Recordings, or any other work derived in any way therefrom, in any manner which infringes upon the copyright in and to said work;

4.   For a finding that Defendants' infringements were willful, in accordance with 17 U.S.C. Section 504(c)(2);

5.   For pre- and post-judgment interest;

6.   For such fees and costs (including reasonable attorney's fees) incurred herein as permitted by law

7.    For such other and further relief as the Court deems just and proper.

DATED:  June 25, 2020            KING, HOLMES, PATERNO & SORIANO, LLP


By:    _____/s/ John G. Snow_____
                        HENRY GRADSTEIN
                         JOHN G. SNOW
Attorneys for Plaintiffs PAUL D. BEAUREGARD
p/k/a DJ PAUL and JORDAN HOUSTON p/k/a
JUICY J

KING, HOLMES, PATERNO & SORIANO, LLP

1    **<u>DEMAND FOR JURY TRIAL</u>**

2         Plaintiffs PAUL D. BEAUREGARD p/k/a DJ PAUL and JORDAN

3    HOUSTON p/k/a JUICY J hereby demand a jury trial of this action.

4

5    DATED: June 25, 2020          KING, HOLMES, PATERNO & SORIANO, LLP

6

7

8                                  By:      */s/ John G. Snow*
                                           HENRY GRADSTEIN
9                                          JOHN G. SNOW
10   Attorneys for Plaintiffs PAUL D. BEAUREGARD
     p/k/a DJ PAUL and JORDAN HOUSTON p/k/a
11   JUICY J

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING, HOLMES,
PATERNO &
SORIANO, LLP

3392.062/1588253.1                         40